HERMANN KAMLAH and EMIL SAUER *v.* BENJAMIN SALTER and others

In an action on a promissory note, an answer which denies simply that the defendants indorsed and delivered the note *to the plaintiffs*, without denying that they indorsed the note, or setting up any matter assailing the plaintiff's right to the possession thereof, is frivolous.

APPEAL from an order directing judgment on account of the frivolousness of the answer. The complaint, in this case, was upon a promissory note made by the defendants, payable to

their own order. The complaint averred that the defendants indorsed and delivered the note to the plaintiffs, and that they were the lawful owners and holders thereof. The answer was in these words:

"The defendant, &c., respectfully shows to this court,

"That he denies that the defendants in this action, by their firm name or otherwise, ever indorsed to the plaintiffs the promissory note mentioned and described in the said complaint.

"And he, further answering, denies that the defendants in this action ever delivered to the plaintiffs, or in any way transferred to them, the said promissory note.

"And he, further answering, says, that he has no knowledge nor information sufficient to form a belief, whether or not the said promissory note was ever delivered to the plaintiffs, or transferred to them, in any way by any one.

"And he, further answering, says, that he has no knowledge nor information sufficient to form a belief, whether or not the plaintiffs are the lawful owners or holders of the said note."

Upon motion, judgment was ordered on account of the frivolousness of the answer. The defendants appealed.

*William H. Forman*, for the appellants. I. In this court an appeal may be taken from an *order* for judgment in such a case as this, without waiting until judgment is perfected. *Lee* v. *Ainslee*, 4 Abbott Pr. R. 463. II. No answer is frivolous which denies a material allegation in the complaint. *Davis* v. *Potter*, 4 How. Pr. R. 155, *per* Woodruff, J.; *Hecker* v. *Mitchell*, 5 Abbott Pr. R. 455; *Lord* v. *Cheeseborough*, 4 Sandf. S. C. R. 696. III. This answer fully denies all the allegations relating to the title of the plaintiffs. Such an answer has been frequently held not frivolous. *Lord* v. *Cheeseborough*, 4 Sandf. S. C. R. 696; *Snyder* v. *White*, 6 How. Pr. R. 321; *Temple* v. *Murray*, 6 How. Pr. R. 329; *Sherman* v. *Bushnell*, 7 ibid. 171; *Brown* v. *Ryckman*, 12 ibid. 313; *Wood* v. *Reynolds*, 13 ibid. 112; *Met. Bank* v. *Lord*, 1 Abbott Pr. R. 185; *Hecker* v. *Mitchell*, 5 Abbott Pr R. 455.

*J. N. Platt* (*Platt, Gerard & Buckley*), for the respondents.

BRADY, J.—The plaintiffs allege that the defendants indorsed and delivered to them the note in suit. The defendants deny that they indorsed and delivered it *to the plaintiffs.* The note is payable to their own order. They do not deny that they indorsed the note, nor do they set up any matter assailing the plaintiffs' possession of it. When a note is payable to the order of the maker, and indorsed by him, in legal effect it is indorsed to any person who may hold it, and the denial of the mere act of indorsement or delivery to the holder is not the denial of a material averment. It may be assumed that the thing thus denied is not literally true, and yet the defendants would be liable. The mere possession of the note is sufficient to put the defendants to their defence, if any they have, and as they have not denied any of the facts by which possession could lawfully be acquired, they do not present any defence to the action.

Order of special term affirmed with costs.